**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEVI MCRAE LUGINBYHL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1938-JD** |
| | ) | |
| **OKLAHOMA SUPREME COURT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Levi McRae Luginbyhl, a state prisoner proceeding pro se, filed a Complaint seeking relief under 42 U.S.C. § 1983. Doc. 1. United States District Judge Jodi W. Dishman referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned now considers Plaintiff's Application for Leave to Proceed in Forma Pauperis ("Application"). Doc. 8. For the reasons set forth below, the undersigned recommends that the Court deny Plaintiff's Application and dismiss this action without prejudice, unless Plaintiff pays the full filing fee of $405.00 within 21 days of any order adopting this Report and Recommendation.[1]

[1] The total filing fee includes (1) a base fee of $350.00 and (2) an administrative fee of $55.00 for any person not granted in forma pauperis status. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

# I. <u>Analysis</u>

## A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), includes a three-strikes provision that was designed by Congress to control prisoner litigation. *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). Prisoners receive a strike when an action they have filed in a United States court is frivolous, malicious, or dismissed for failing to state a claim. *Id*. A prisoner who has received three strikes may file federal lawsuits but no longer has the privilege of doing so in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *accord Childs*, 713 F.3d at 1265. Absent a showing of imminent physical danger, a prisoner with three strikes must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs*, 713 F.3d at 1265 (citation modified).

## B. Plaintiff's strikes

Before initiating this lawsuit, Plaintiff had accumulated at least three strikes under the PLRA from prior federal civil suits. *Luginbyhl v. Red Rock Corrections Ctr.*, No. 26-6091, Order at 2 (10th Cir. June 18, 2026).

## C. Imminent-danger exception

Because Plaintiff has accrued at least three strikes, the Court may not consider his Complaint unless he prepays the full filing fee or, alternatively, adequately alleges that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To satisfy the imminent-danger exception, a prisoner is "required to make specific, credible allegations of imminent danger of serious physical harm" and "must have alleged an imminent danger

at the time he filed his complaint." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (citation modified), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). Vague or conclusory allegations are insufficient. *Id.* at 1180. And any allegations must establish a nexus between the imminent injury alleged and the underlying claims by making clear that (1) "the imminent danger of serious physical injury that the litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint," and (2) "a favorable judicial outcome would *redress* that injury." *Barnett v. Bridges*, 181 F.4th 1090, 1093 (10th Cir. 2026) (citation modified).

**D. Plaintiff's claims**

To the best of the undersigned's understanding, Plaintiff's claims are briefly summarized below:

- Against Sally Howe Smith,[2] Former Clerk of Court for the District Court of Tulsa County, Oklahoma, he alleges she slandered him and denied him access to the District Court of Comanche County when she "put [his] name on the Oklahoma Registry" by negligently saying his criminal case was dismissed.

- Against Defendant Grant Sheperd, District Judge of Comanche County, Oklahoma, he alleges Defendant Smith's negligence caused Defendant Sheperd to deny him access to the District Court of Comanche County.

- Against Defendant Eric Yarborough, Associate District Judge of Greer County, Oklahoma, he alleges Defendant Yarborough used "the Registry" knowing his case had not been dismissed; revoked some of Plaintiff's earned credits; ordered removal of Plaintiff's personal property without providing Plaintiff due process and in violation of Oklahoma state law prohibiting larceny, fraud, extortion, blackmail,

[2] The undersigned takes judicial notice of the fact that Ms. Smith retired from the District Court of Tulsa County in 2016 and passed away in 2019.

or embezzlement; and bribed fiduciaries. He further alleges Defendant Yarborough denied him due process of law when the Oklahoma Supreme Court remanded a decision and ordered him "to correct the Registry"; denied him access to courts; and violated Oklahoma contract law.

- Though he names the Oklahoma Supreme Court as a Defendant, Doc. 1 at 1, it is unclear what allegations he brings against it.

- Against William Rankins, Warden of the Oklahoma State Reformatory ("OSR") where Plaintiff was previously housed, he alleges Defendant Rankins facilitated Defendant Yarborough's bribery of fiduciaries. He further alleges Defendant Rankins ordered an illegal search and seizure of his property.

- Against OSR, he alleges the "facility had others terrorize me and destroyed my property/cell and then put me in a shower with feces and urine for 18 hours and told me to kill myself with my socks in retaliation or reprisal" for filing a federal claim regarding Defendant Rankins' illegal search.

- He also alleges he "was subjected to cruel and unusual punishment by this Court's order in Greer County and terrorized and tortured in violation of international law, then I was subjected to a retaliatory transfer where more force, fear, threats, coercion or duress and intimidation continue," but does not specify against whom he brings the allegations. He further alleges denial of equal protection, discrimination, unreasonable search and seizure, denial of freedom of speech, involuntary servitude or slavery, and other violations of state law, but does not specify against whom he brings the allegations.

Doc. 1 at 2-12.

### E. Allegations of imminent danger

As noted above, a prisoner must plausibly allege both (1) an imminent danger of serious physical injury and (2) a nexus between the imminent injury alleged and the underlying legal claims. *Barnett*, 181 F.4th at 1092-93. In the Complaint, the only allegation that arguably presents a claim of imminent physical harm is Plaintiff's claim he "was subjected to a retaliatory transfer where more force, fear, threats, coercion or duress

and intimidation continue." Doc. 1 at 5. Such assertions are not "specific, credible allegations," *Barnett*, 181 F.4th at 1092 (citation modified), and do not suffice to adequately allege an imminent danger of serious physical injury.

In his Application, he also alleges a retaliatory transfer "to the most violent yard in Oklahoma where the[y] purposefully have been trying to get me killed since." Doc. 8 at 4. He further alleges he "was put on a unit controlled by the Hoover Crip gang where two murders occurred then I was moved to a pod run by violent Indians, and staff keep trying to get gangs to jump me." *Id.* These assertions also are not specific and credible, and do not suffice to adequately allege an imminent danger of serious physical injury.[3]

Finally, Plaintiff submitted an "Affidavit of Imminent Danger." Doc. 9. In this document, he alleges "since I have been at Lawton," he has been in danger and provides three pages of allegations. *Id.* at 1-3. However, even assuming Plaintiff has adequately alleged imminent danger of serious physical injury at his current custodial facility in Lawton, he has not shown that the danger alleged is "*fairly traceable* to unlawful conduct asserted in the complaint" or that "a favorable judicial outcome would *redress* that injury." *Barnett*, 181 F.4th at 1093 (citation modified). Plaintiff has failed to establish any nexus

---

[3] In his Application, Plaintiff also includes what appears to be a handwritten form "Motion to Proceed under 28 U.S.C. § 1916 [IFP] to 46 U.S.C. § 688 As a Seamans Suit." Doc. 8 at 7-14. While 28 U.S.C. § 1916 does allow seamen to bring certain lawsuits "without prepaying fees or costs," "Plaintiff has not alleged that he is 'a sea-based maritime employee,' and thus is ineligible to bring a seaman's suit." *Luginbyhl v. Oklahoma*, No. CIV-26-2031-JD, 2026 WL 2477520, at *1 (W.D. Okla. Aug. 24, 2026) (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 348 (1991)).

between the imminent injury alleged and the underlying legal claims. Accordingly, Plaintiff does not qualify for the imminent-danger exception to the PLRA three-strikes rule.

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application for Leave to Proceed in Forma Pauperis, Doc. 8, and dismiss this action without prejudice unless Plaintiff pays the full filing fee of $405.00 within 21 days of any order adopting this Report and Recommendation. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **September 30, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 9th day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE