**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LEVI MCRAE LUGINBYHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01938-JD |
| | ) | |
| OKLAHOMA SUPREME COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is United States Magistrate Judge Chris M. Stephens's Report and Recommendation ("R. & R.") [Doc. No. 10], to which Plaintiff Levi McRae Luginbyhl ("Plaintiff") did not file objections. As discussed below, the Court accepts and adopts the R. & R.

Plaintiff, proceeding *pro se*, filed this case seeking relief under 42 U.S.C. § 1983. [Doc. No. 1]. The Court referred this action to Judge Stephens for preliminary proceedings under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

The R. & R. recommends denying Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 8] and dismissing the action without prejudice if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of this order. [Doc. No. 10 at 6]. The R. & R. based its recommendation upon Plaintiff's accumulation of three strikes under the Prison Litigation Reform Act's three strikes provision and that Plaintiff does not satisfy the imminent-danger exception to that provision. [*Id.* at 2–6]. The R. & R. advised Plaintiff of his right to object by September 30, 2026, and warned

that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 6 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))]. Plaintiff did not file an objection.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Plaintiff did not file an objection to the R. & R. by the deadline and thus waived his right to challenge the recommended disposition. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the

issues raised).

Although Plaintiff did not file an objection to the R. & R., Plaintiff did file a constitutional challenge to the Prison Litigation Reform Act, specifically to the three strikes rule, discussed above. [Doc. No. 13]. The Court does not view the constitutional challenge as an objection to the R. & R. because it does not raise factual or legal error committed by the R. & R. Plaintiff does not assert that the R. & R. improperly applied the three strikes rule but instead challenges the constitutionality of that rule. However, even if the Court were to liberally construe the constitutional challenge as objections to the R. & R., the Court notes that the constitutional challenge is not properly before the Court because Plaintiff has not complied with Federal Rule of Civil Procedure 5.1, which governs procedures a party must follow when challenging the constitutionality of a statute.

The Court also notes that Plaintiff filed another application to proceed in forma pauperis after the R. & R. was issued. [Doc. No. 12]. However, the Court denies that application for the same reasons announced in the R. & R. [*See* Doc. No. 10 at 2–6]. "Before initiating this lawsuit, Plaintiff had accumulated at least three strikes under the PLRA from prior federal civil suits." [*Id.* at 2 (citing *Luginbyhl v. Red Rock Corr. Ctr.*, No. 26-6091, Order at 2 (10th Cir. June 18, 2026))]. Nor does Plaintiff's application identify a basis for the application of the imminent harm exception. "To satisfy the imminent-danger exception, a prisoner is 'required to make specific, credible allegations of imminent danger of serious physical harm' and 'must have alleged an imminent danger at the time he filed his complaint.'" [*Id.* at 2–3 (quoting *Hafed v. Fed. Bureau of*

*Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015))]. Here, Plaintiff makes only conclusory allegations that he was in imminent danger at the time he filed his complaint, which are insufficient to satisfy the exception. *See Hafed*, 635 F.3d at 1180. [*See* Doc. No. 12 at 2].

Accordingly, for the above reasons, the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 10]. The Court, therefore, DENIES Plaintiff's Application for Leave to Proceed In Forma Pauperis. [Doc. No. 8]. The Court will dismiss this action without prejudice if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of this Order, or by **November 3, 2026**. *See* LCvR3.3(e).

Additionally, the Court DENIES Plaintiff's second application to proceed in forma pauperis. [Doc. No. 12]. The Court also concludes that Plaintiff's constitutional challenge is not properly before the Court because Plaintiff has failed to comply with Federal Rule of Civil Procedure 5.1. [Doc. No. 13].

IT IS SO ORDERED this 13th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE